UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD ARIFF SAIDIN,

              Plaintiff,

-against-

CITY OF NEW YORK,

              Defendant.

19-CV-1448 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Mohammad Ariff Saidin, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging violations of his constitutional rights. By order dated May 6, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

**A.     Plaintiff's Relevant Litigation History**

Plaintiff brought a state-court action in the New York Supreme Court, Bronx County, against the City of New York and Police Officer Sam Negron. After the complaint was dismissed by the state courts, *see Saidin v Negron*, 136 A.D.3d 458 (1st Dep't Feb. 9, 2016), *motion for leave to appeal dismissed*, 43 N.Y.S.3d 253 (Nov. 22, 2016), Plaintiff filed a petition for a writ of *certiorari* to the United States Supreme Court. The Supreme Court denied the petition, *see Saidin v Negron*, 138 S. Ct. 108 (Oct. 2, 2017), and Plaintiff's subsequent petition for rehearing, 138 S. Ct. 725 (Jan. 8, 2018). Dissatisfied, earlier this year, Plaintiff filed a complaint invoking the Court's federal question jurisdiction, and requesting that this Court order a "rehearing" on the denial of his petition for a writ of *certiorari* to the Supreme Court, and award money damages "fit and proper with a jury trial." *Saidin v. Negron*, No. 19-CV-0168 (CM) (S.D.N.Y. Jan. 18, 2019) (ECF No. 2 ¶ IV). On January 18, 2019, the Court construed the complaint as asserting a claim for mandamus relief, and dismissed it because Plaintiff failed to show that he was entitled to a second rehearing and because this Court lacked jurisdiction to compel the Supreme Court to take any particular action. *Id*. (ECF No. 4 at 3).

Shortly after the dismissal, Plaintiff filed an amended complaint, *id*. (ECF No. 6), which the Court construed as motion for under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order, *id*. (ECF No. 7 at 1). The Court then denied the motion because Plaintiff had failed to: (1) demonstrate that the Court overlooked any controlling decisions or factual matters sufficient for relief under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3; and (2) set forth any facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) applied or that extraordinary circumstances existed to

2

warrant relief under Fed. R. Civ. P. 60(b)(6). Four days after the motion was denied, Plaintiff submitted this new action.

**B.      Plaintiff's New Complaint**

Plaintiff's new complaint consists of the Court's general complaint form, the purported amended complaint from *Saidin*, No. 19-CV-0168 (CM), and a copy of the United States Court of Appeals for the Third Circuit's decision in *Hassan v. City of New York*, 804 F.3d 277 (3d Cir. 2015), a lawsuit that challenged the New York City Police Department's (NYPD) suspicionless surveillance of Muslim Americans in New Jersey. Plaintiff brings the new complaint on behalf of himself, but also names all of the plaintiffs from the Third Circuit case as parties. In the general complaint form, Plaintiff asserts that the City of New York violated his "First Amendment right for religious liberty" and his Fourteenth Amendment [right] for equal protection." (ECF No. 2 at 2.) He refers the Court to the amended complaint and the Third Circuit's decision for the facts in support of his case.

Plaintiff asserts in the attached amended complaint, that on January 8, 2018 – the same date the Supreme Court denied Plaintiff's petition for rehearing – the New York City Corporation Counsel acted in "bad faith for failing to confess that the NYPD Muslim Surveillance Program as an official policy of the City of New York is unconstitutional," as found by the Third Circuit in *Hassan*. (*Id*. at 9.) Plaintiff, now identifying himself as "Lead Plaintiff" and quoting the *Hassan* decision, asserts that since January 2002, the City of New York, through the NYPD, has conducted a secret program to monitor the lives of Muslims, resulting in the unequal treatment of the plaintiffs based on their religion "because of the belief that Muslim religious identity is a permissible proxy from criminality." (*Id*.)

Plaintiff further refers the Court to the *Hassan* decision for the "variety of methods" the NYPD has used to spy on Muslims, and contends that the surveillance program's "stigmatizing

3

and reputational consequences" has affected Muslims' "worship and religious activities," as well as their "current or prospective jobs and careers." (*Id*. at 9-10.) Plaintiff asserts that he has been subjected to "several discriminatory and wrongful incidents based on [his] Muslim religious identity" that he put forward in his appeal brief before the New York State Supreme Court Appellate Division, First Department (Appellate Division), and his papers to other courts. Plaintiff asserts that he has asked each court considering his claims to look at the Third Circuit's *Hassan* case, and that the Third Circuit's determination that the NYPD Muslim Surveillance Program is unconstitutional to Muslims should also apply to him.

Plaintiff then asserts the following "incidents of wrongful conduct by law enforcement surveillance," which he perceives as discrimination because of his Muslim identity: (1) on June 12, 2007, Police Officer Beume and his partner refused to trace down and arrest "two non-Muslim teenage assailants" who had assaulted Plaintiff; (2) on June 29, 2007, Police Officer Sam Negron "falsely arrested and incarcerated" Plaintiff for assault; (3) that same night, Plaintiff's non-Muslim cellmate assaulted Plaintiff, but the cellmate was not arrested; (4) Plaintiff was repeatedly denied medications at the jail; (5) at Plaintiff's arraignment, the Assistant District Attorney mentioned Plaintiff's assault victim's swollen face, but failed to produce any medical proof of the victim's alleged injuries; (6) "the female Assistant for the Bronx District Attorney mentioned only spitting with no mention of assault nor swelling to keep [Plaintiff] incarcerated"; (7) for two weeks at Rikers Island, Plaintiff was exposed to secondhand smoking from his fellow inmates, but correction officials failed to issue summonses to the smoking inmates in violation of the City's Smoking Ordinance; and (8) on August 7, 2007, after Plaintiff called the 43rd Police Precinct, two officers visited him, but they failed to comply with Plaintiff's request to arrest the aforementioned two teenage assailants and his former jail cellmate assailant. (*Id*. at 11-12.)

4

Plaintiff asserts that although he has "been completely restored to [his] position before [his] false arrest," the alleged incidents have exacerbated his mental health problems, reduced his attendance at the mosque, and inhibited his ability to resume his teaching career because of his belief that his "Muslim identity can more likely cause NYPD officers to again discriminate against [him] should [he] get into any confrontation" with his non-Muslim colleagues or students. (*Id*. at 12.)

## DISCUSSION

### A. Plaintiffs from the *Hassan* Case

Plaintiff names as parties to this action all of the plaintiffs from the Third Circuit's *Hassan* case – Syed Farhaj Hassan; the Council of Imams in New Jersey; Muslim Student Association of the U.S. and Canada, Inc.; All Body Shop Inside & Outside; Unity Beef Sausage Company; Muslim Foundation Inc.; Moiz Mohammed; Jane Doe; Soofia Tahir; Zaimah Abdur Rahim; and Abdul Hakim Abdullah. As these entities and individuals have not consented to be named as plaintiffs to this lawsuit, the Court strikes them from the complaint. Plaintiff Saidin is the sole plaintiff in this action.[1]

### B. Claim Preclusion

The doctrine of claim preclusion, also known as *res judicata*, limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank, N.A.*,

---

[1] The Court also notes that as a non-attorney, Plaintiff may not appear *pro se* on behalf of the entities and individuals he names as plaintiffs. Under 28 U.S.C. § 1654, parties in federal court " may plead and conduct their own cases personally or by counsel." The statute "recognizes that an individual generally has the right to proceed *pro se* with respect to his own claims or claims against him personally" or to be represented by a licensed attorney. *Berrios v. N.Y.C. Hous. Auth*., 564 F.3d 130, 132 (2d Cir. 2009). The right to proceed *pro se* does not extend to "an individual who is not licensed as an attorney" appearing on another person's behalf. *United States v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008).

226 F.3d 133, 138 (2d Cir. 2000). The doctrine applies in a later litigation "if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) [the earlier decision] involved the same parties or their privies, and (4) [the earlier decision] involved the same cause of action." *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011) (internal quotation marks and citation omitted, first alteration in original). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (internal quotation marks and citations omitted). "A party cannot avoid the preclusive effect of res judicata by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001). Although claim preclusion is usually an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c), the Court may, on its own initiative, raise the issue of claim preclusion. *See, e.g.*, *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (affirming *sua sponte* application of collateral estoppel in motion for summary judgment); *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) ("The failure of a defendant to raise *res judicata* in [an] answer does not deprive a court of the power to dismiss a claim on that ground.").

Plaintiff is attempting to raise claims and issues that were litigated and dismissed in the state courts, *see Saidin v Negron*, 136 A.D.3d 458 (1st Dep't Feb. 9, 2016), *motion for leave to appeal dismissed*, 43 N.Y.S.3d 253 (Nov. 22, 2016); and which the United States Supreme Court declined to hear when it denied Plaintiff's petition for a writ of *certiorari*, *see Saidin v Negron*,

6

138 S. Ct. 108 (Oct. 2, 2017), *rehearing denied*, 138 S. Ct. 725 (Jan. 8, 2018). Undeterred, Plaintiff then filed an action in this Court to compel the Supreme Court to rehear his claims. *See Saidin v. Negron*, No. 19-CV-0168 (CM). After that action was dismissed, Plaintiff then submitted a purported amended complaint in that case, arguing that the Supreme Court and the New York state courts should have applied the Third Circuit's decision in *Hassan v. City of New York*, 804 F.3d 277 (3d Cir. 2015), to his claims. When the Court again rejected that filing, *see Saidin v. Negron*, No. 19-CV-0168 (CM) (ECF No. 7), Plaintiff then decided to file essentially the same documents as this new action.

Because Plaintiff's previous litigation was adjudicated on the merits, involved the same parties or their privies, and arises out of the same sets of transactions as the current action, he cannot again raise in this action any issues adjudicated in his previous litigation. The Supreme Court's and the state courts' refusal to consider the applicability of the Third Circuit's *Hassan* decision to Plaintiff's claims, does not mean he can bring this new action against the City of New York based on the same transactions and occurrences.

**C.     Statute of Limitations**

To the extent Plaintiff maybe raising new claims that are not barred under the doctrine of claim preclusion, those claims are untimely filed. Because Plaintiff brings this action asserting that the City of New York violated his rights under the First and Fourteenth Amendments to the Constitution, his constitutional claims are construed as being brought under 42 U.S.C. § 1983. Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

The statute of limitations for § 1983 claims is found in the " general or residual [state] statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 249-50

7

(1989). In New York, that period is three years. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79-80 (2d Cir. 2002). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff brings the complaint asserting that he was subjected to eight incidents, which he characterizes as "wrongful conduct by law enforcement surveillance" and which he perceives as discrimination because of his Muslim identity. (*See* ECF No. 2 at 11-12.) The alleged incidents occurred from June 12, 2007, when Police Officer Beume and his partner refused to trace down and arrest Plaintiff's teenage assailants, to August 7, 2007, when two officers from the 43rd Precinct declined to follow Plaintiff's requests and arrest the teenagers and Plaintiff's former jail cellmate. Plaintiff filed this action on February 14, 2019, more than eleven years and six months after the alleged events occurred. Plaintiff' continuing litigation of the alleged events did not toll the three-year applicable statute of limitations.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011*); see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds).

It is appropriate to dismiss any of Plaintiff's claims that may be untimely. As noted above, Plaintiff is attempting to raise claims that he has previously litigated from the New York state courts to the Supreme Court. He now brings largely the same claims that are barred under

the doctrine of claim preclusion. But even if some of his claims are not subject to the doctrine of claim preclusion, he is attempting to file those claims more than eleven years and six months after the alleged events occurred, well beyond the applicable three-year statute of limitations.

**D.    Warning to Plaintiff**

Based on the New York state courts' dismissal of his case and subsequent appeals, the Supreme Court's denial of *certiorari*, and the Court's dismissal of *Saidin*, No. 19-CV-0168 (CM), the Court finds that Plaintiff was or should have been aware that his claims lacked merit when he filed them. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that further duplicative or frivolous litigation in this Court will result in an order barring him from filing any new actions without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court strikes as parties to this action Syed Farhaj Hassan; the Council of Imams in New Jersey; Muslim Student Association of the U.S. and Canada, Inc.; All Body Shop Inside & Outside; Unity Beef Sausage Company; Muslim Foundation Inc.; Moiz Mohammed; Jane Doe; Soofia Tahir; Zaimah Abdur Rahim; and Abdul Hakim Abdullah.

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Plaintiff is warned that further duplicative or frivolous litigation in this Court will result in an order barring him from filing any new actions without prior permission. *See* 28 U.S.C. § 1651. The Clerk of Clerk of Court is also instructed to terminate any other pending matters.

9

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: June 14, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge